IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alan B. Morrison<br>2000 H Street, NW,<br>Washington, DC 20052<br><br>      Plaintiff,<br><br>      v.<br><br>Central Intelligence Agency<br>Washington, D.C. 20505<br><br>      Defendant. | Civil Action No. _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff seeks the release of records from Defendant the Central Intelligence Agency ("CIA") that reflect opinion or analysis concerning the legality of the use of extraordinary rendition by the United States government.

### Jurisdiction

1. This Court has subject matter jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(6)(C)(i).

### Parties

2. Plaintiff Alan B. Morrison ("Morrison" or "Plaintiff") is the Learner Family Associate Dean for Public Interest and Public Service Law at the George Washington University Law School, where he also teaches constitutional law and civil procedure.

3. Defendant CIA is an agency within the meaning of 5 U.S.C. § 552(f) and has custody and control of the records that Plaintiff seeks.

## **FACTUAL ALLEGATIONS**

### Background

4. The term "rendition" refers to the transfer of a person from one jurisdiction to another. After September 11, 2001, the CIA began a program of "extraordinary rendition." Under that program, detainees would be transferred into the custody of third-party nations, or to secretly-operated prisons known as "black sites," for detention and interrogation.

5. On or about July 7, 2006, *The New York Times* reported that a CIA spokesman, Paul Gimigliano, stated that renditions are "an antiterror tool that the United States has used for years in accordance with its laws and treaty obligations." Craig S. Smith and Souad Mekhennet, Algerian Tells of Dark Term in U.S. Hands, N.Y. Times, July 7, 2006, www.nytimes.com/2006/07/07/world/africa/07algeria.html.

6. Plaintiff originally submitted a FOIA request to the CIA on or about July 14, 2006, seeking, among other things, records that discussed or analyzed the legality of renditions.

7. The CIA did not respond to Plaintiff's July 2006 request until July 26, 2013, more than seven years later, and then it provided only a limited set of records that Plaintiff is informed and believes are the same records that the CIA provided to the American Civil Liberties Union ("ACLU") as a result of litigation that organization brought regarding a different and unrelated FOIA request. Only two of the documents provided by the CIA mentioned extraordinary rendition at all, and none of the released records contained any analysis of the legality of rendition or extraordinary rendition.

8. In its July 26, 2013 response, the CIA stated that additional material responsive to Plaintiff's July 2006 request was being withheld in its entirety pursuant to FOIA Exemptions 1, 3, 5, and 6. It further stated that Plaintiff was not entitled to an administrative appeal with respect to the July 2006 request.

9. After receiving the CIA's response, Plaintiff unsuccessfully attempted, for a number of months, to obtain clarification from the CIA concerning the scope of the material that had been released, and the extent of the additional material responsive to the July 2006 request that was being withheld. To that end, Plaintiff and his counsel engaged in a number of written and telephonic communications with the CIA.

10. Based on those communications, Plaintiff is informed and believes that the CIA never conducted a search of its records beyond what it did for the ACLU to identify those responsive to the July 2006 request.

11. During the course of those communications, the CIA stated that if Plaintiff was interested in obtaining specific records that were not within the scope of the request submitted by the ACLU, he should file a new FOIA request seeking those records.

### Plaintiff's FOIA Request

12. On or about March 27, 2014, Plaintiff submitted a FOIA request to the CIA via the CIA's online FOIA portal which reiterated his July 2006 request (the "March 2014 Request"). A true and correct copy of the March 2014 Request is attached hereto as **Exhibit A**.

13. Plaintiff's March 2014 Request sought "copies of any records that 1) analyze or discuss the legality of renditions and/or extraordinary renditions, or 2) that describe or contain any laws and treaties relating to the legality of rendition and/or extraordinary rendition, including the laws and treaties themselves." Plaintiff made clear in his March 2014 Request that he was not seeking records that merely mentioned or discussed renditions and/or extraordinary renditions, but rather sought only "legal opinions or analyses that purport to justify the use of renditions by the United States Government and/or its officers and agencies, including but not limited to the CIA."

3

**Defendant's Constructive Denial of Plaintiff's March 2014 Request and Plaintiff's Exhaustion of Administrative Remedies**

14. On or about April 23, 2014, Michele Meeks ("Meeks"), an Information and Privacy Coordinator at the CIA, sent a letter on behalf of the CIA in response to Plaintiff's March 2014 FOIA request.

15. Meeks' letter contained no information concerning whether the CIA had started processing Plaintiff's March 2014 Request, whether there were any responsive records, or whether the CIA intended to withhold any responsive records.

16. On or about May 16, 2014, Plaintiff sent an administrative appeal, via U.S. Mail, contesting the CIA's failure to make a determination with respect to his March 2014 Request within the required statutory timeframe.

17. On or about June 30, 2014, having not received any response regarding either his March 2014 Request or his administrative appeal, Plaintiff sent a follow up letter to the CIA requesting information on the status of his appeal.

18. On or about July 15, 2014, Meeks, on behalf of the CIA, sent a letter to Plaintiff stating that "your request is still in process." Ms. Meeks stated that she had been "provided an estimated completion date of 11 December, 2014."

19. No further communications have been received by Plaintiff from the CIA regarding his March 2014 Request and, to date, Plaintiff has not received any records from the CIA in response to his March 2014 Request.

**CAUSE OF ACTION**

**Violation of the Freedom of Information Act: Failure to Make a Determination and Wrongful Withholding of Agency Records**

20. Plaintiff has exhausted the applicable administrative remedies with respect to his request. 5 U.S.C. § 552(a)(6)(C)(i).

21. Plaintiff properly requested records within the custody and control of Defendant.

22. By failing to make a determination with respect to Plaintiff's FOIA request, and by withholding the records responsive to Plaintiff's FOIA request, the CIA has acted in violation of FOIA.  5 U.S.C. § 552(a)(6); *id.* at § 552(a)(3)(A).

## Requested Relief

WHEREFORE, Plaintiff respectfully requests this Court:

(1) order Defendant CIA to conduct a search for all responsive records to Plaintiff's March 2014 FOIA Request, and to immediately disclose all records responsive to Plaintiff's FOIA request in their entirety;

(2) award Plaintiff reasonable attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(3) grant such other relief as the Court may deem just and proper.

Dated: 3/20/2015

Respectfully submitted,

/s/ Bruce D. Brown
Bruce D. Brown
DC Bar No. 457317
The Reporters Committee for
  Freedom of the Press
1156 15th St. NW, Suite 1250
Washington, DC 20005
(202) 795-9300
bbrown@rcfp.org
*Counsel for Plaintiff*