# EXHIBIT A



March 27, 2014

Submitted via http://www.foia.cia.gov/foia_request/start.

Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

    RE: Freedom of Information Act Request

Dear Coordinator:

    According to a July 7, 2006 New York Times article, Paul Gimigliano, a Central Intelligence Agency (CIA) spokesperson, claimed that renditions—the process of moving captured terrorism suspects to countries other than the United States or their home country for interrogation—"are an antiterror tool that the United States has used for years in accordance with its laws and treaty obligations." Mr. Gimigliano's statement indicated that the CIA had analyzed the legality of renditions (sometimes also referred to as "extraordinary renditions") and that various laws and treaties are related to the legality of renditions. Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, I hereby request copies of any records that 1) analyze or discuss the legality of renditions and/or extraordinary renditions, or 2) that describe or contain any laws and treaties relating to the legality of rendition and/or extraordinary rendition, including the laws and treaties themselves.

    This is my second FOIA request for these records. On July 14, 2006, Adina Rosenbaum, an attorney at Public Citizen Litigation Group, filed a FOIA request on behalf of me and Public Citizen requesting copies of all records pertaining in any respect to the United States' practice of rendition, and specifically requesting any records that discussed or analyzed the legality of renditions or that described or contained any laws and treaties relating to the legality of rendition. On July 24, 2007, Ms. Rosenbaum received a letter signed by Scott Koch, Information and Privacy Coordinator, stating that the CIA had assigned the request reference number F-2006-01333 and that it had granted our fee waiver request. The letter also informed us that some aspects of our request may overlap with an earlier request on a similar topic and that, if the agency determined that the requests overlapped, it would provide the same releasable records to us, after responding to the first requester. Finally, the letter stated that the agency could not respond within the 20 working days required by FOIA, but that it would respond as soon as it could and that we would be able to appeal any denial of records at that time.

I am the Lerner Family Associate Dean for Public Interest and Public Service Law at the George Washington University Law School where I also teach constitutional law. I request a waiver of all fees associated with this request because my interests in the requested record are entirely non-commercial and disclosure of the information will contribute significantly to public understanding of the operations or activities of the government. The public has an enormous interest in how the government conducts its anti-terror activities, including an interest in understanding the government's views about the lawfulness (or not) of anti-terror activities such as rendition and/or extraordinary rendition. In addition, a fee waiver is justified because I intend to use the records in connection with my teachings and writings on constitutional law, in particular issues relating to separation of powers.

Accordingly, I believe I am entitled to a full waiver of fees. However, if the agency disagrees, and if the fees to be assessed in connection with this request exceed $25, please obtain my approval before any such costs are incurred.

Thank you for your attention to this request. I expect a response within 20 working days as required by FOIA. If my request is denied in whole or in part, please provide me with a detailed justification for withholding each withheld record. I also request that you disclose any segregable non-exempt portions of records that you determine are otherwise exempt from disclosure.

Sincerely,

*Alan B Morrison*

Alan B. Morrison (202 994 7120) or abmorrison@law.gwu.edu